IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus A. Joseph, #147764, ) | C/A No. 8:14-4100-JFA-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden B. McKie, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Marcus A. Joseph ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner committed to the South Carolina Department of Corrections ("SCDC"), and he is incarcerated at Kirkland Correctional Institution. He challenges his 1988 murder conviction and sentence, and he seeks release from prison. [Doc. 1 at 14.] The Petition is subject to summary dismissal.

## **BACKGROUND**

Petitioner alleges he pled guilty to murder and grand larceny on June 7, 1988, in the Clarendon County Court of General Sessions, and he received a sentence of life without parole until service of twenty years. [Doc. 1 at 1.] Petitioner did not file a direct appeal. [*Id.* at 2.] He alleges he did file a post-conviction relief ("PCR") action in the Court of Common Pleas, and he received certain relief such that a state court vacated the grand larceny count. [*Id.* at 3–4.] He alleges he filed another PCR action in 2013 in the Clarendon County Court of Common Pleas seeking damages, and it was dismissed with prejudice on June 4, 2014. [*Id.* at 4, 6.] The South Carolina Court of Appeals allegedly dismissed his appeal from the order on August 12, 2014. [*Id.* at 6.]

In the instant habeas action, Petitioner raises several grounds for relief including that he is in custody in violation of the United States Constitution and lack of subject matter jurisdiction; he alleges he has exhausted his state remedies. [*Id.* at 5–11.] As to the timeliness of the Petition, Petitioner alleges that his conviction became final on August 12, 2014, and he contends that use of the 1996 AEDPA statute against him would violate the Constitution. [*Id.* at 13.] In response to the question of whether Petitioner previously filed a petition in a federal court regarding the conviction that he challenges in this petition, he did not respond by leaving that answer section blank. [*Id.* at 11.]

On the Petition, Petitioner wrote "order attached" or "attached" in several places. [*Id*. at 6–11.] However, because Petitioner had not attached any documents to the Petition, on October 28, 2014, this Court entered an Order to direct Plaintiff that if he had any attachments that he wanted this Court to consider along with the Petition he must return them to the Clerk of Court within twenty-one days. [Doc. 7.] Petitioner submitted several copies of portions of a state court case, and the Clerk of Court added those attachments to the Petition on November 6, 2014. [Doc. 1-3 at 1–4.] A review of the attachments indicates that Petitioner filed a civil action in the Clarendon County Court of Common Pleas, C/A No. 2013-CP-14-209, entitled *Joseph v. SCDC, Municipality of Manning, and State of South Carolina*. [*Id*.]

This Court takes judicial notice that Petitioner has filed several prior habeas actions pursuant to 28 U.S.C. § 2254 challenging his 1988 murder conviction. *See Joseph v. South Carolina*, C/A No. 2:02-3908-17AJ; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public

record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). There, this Court recommended that Petitioner's third application for relief pursuant to § 2254 should be dismissed because it was successive, and he had failed to obtain permission for the United States Court of Appeals for the Fourth Circuit to file it. *See* Order, *Joseph*, C/A No. 2:02-3908-17AJ (Feb. 28, 2003), ECF No. 10. This Court incorporated the Report and Recommendation into its order and dismissed the action without prejudice and without issuance in service of process. *Id.*

Previously, Petitioner filed a habeas action in this Court pursuant to 28 U.S.C. § 2254 on September 29, 1999, seeking to overturn his 1988 state murder conviction. *See* Report and Recommendation, *Joseph v. South Carolina*, C/A No. 2:99-3224-17AJ (Jan. 28, 2000), ECF No. 10; *see also Philips*, 572 F.3d at 180; *Colonial Penn Ins. Co.*, 887 F.2d at 1239. This Court recommended that because Petitioner had not obtained permission from the Fourth Circuit Court of Appeals to file a second § 2254 Petition, it should be dismissed for want of jurisdiction. *See Joseph*, C/A No. 2:99-3224-17AJ (Jan. 28, 2000), ECF No. 10. No objections were filed, and this Court dismissed the second § 2254 action without prejudice. *See* Order, *Joseph*, C/A No. 2:99-3224-17AJ (March 7, 2000), ECF No. 11.

On August 31, 1993, Petitioner filed a habeas action in this Court pursuant to 28 U.S.C. § 2254, seeking to overturn his 1988 state murder conviction. *See* Report and Recommendation, *Joseph v. South Carolina*, C/A No. 2:99-3224-17AJ (Jan. 28, 2000),

ECF No. 10 at 8–11 (discussing *Joseph v. Evatt*, C/A No. 3:93-2602-JFA (June 9, 1994), ECF No. 14, 15, where this Court granted summary judgment to Respondent).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

This action should be dismissed because it is another successive § 2254 habeas action, and Petitioner has not obtained permission from the United States Court of Appeals for the Fourth Circuit authorizing a successive § 2254 action. On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

In this action, Petitioner seeks to challenge his 1988 murder conviction entered in the Clarendon County Court of General Sessions. It should be dismissed because, according to this Court's prior orders, it is his fourth § 2254 action and successive. *See*

*Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely). Petitioner contends, however, that this action is timely filed because his conviction became final on August 12, 2014. He apparently relies on his civil action filed in the Clarendon County Court of Common Pleas, C/A No. 2013-CP-14-209, entitled *Joseph v. SCDC, Municipality of Manning, and State of South Carolina*, where the South Carolina Court of Appeals allegedly dismissed that case on August 12, 2014. From a review of the attachments to the Petition, this Court finds that Petitioner's state civil action No. 2013-CP-14-209, entitled *Joseph v. SCDC, Municipality of Manning, and State of South Carolina*, does not give this Court jurisdiction to decide the instant successive § 2254 Petition.

Although § 2244(b) permits certain successive § 2254 habeas applications, a court of appeals must determine whether to authorize a successive petition; thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this Court does not have jurisdiction to consider it. *Id*.

**RECOMMENDATION**

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

                                                        s/Jacquelyn D. Austin
                                           United States Magistrate Judge

November 17, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).